IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND BUSHNER,**                                  Case Number 5:14 CV 385

      Petitioner,                                  Judge Benita Y. Pearson

       v.                                  REPORT AND RECOMMENDATION

**CHRISTOPHER LAROSE, Warden,**

      Respondent.                                  Magistrate Judge James R. Knepp II

This cause is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings of fact, conclusions of law, and recommendations.

Raymond Bushner, a pro se Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 2012, a jury convicted Mr. Bushner of felonious assault with a firearm specification; domestic violence; having weapons while under a disability with a firearm specification; tampering with evidence with a firearm specification; and intimidation of a crime victim or witness.  The trial court sentenced Mr. Bushner to eighteen and one-half years of imprisonment.  (Doc. No. 1).  The Respondent has filed a return (Doc. No. 4), and Mr. Bushner has filed a traverse.  (Doc. No. 10).  The case is ready for adjudication.

## I.  FACTS

The Ohio Court of Appeals summarized the facts of Mr. Bushner's case as follows:

{¶ 1} Defendant–Appellant, Raymond Bushner, now appeals from his convictions in the Summit County Court of Common Pleas.  This Court affirms in part and reverses in part.

I.

{¶ 2} Bushner and seven other people were involved in an affray that took place at the apartment of Cory Prettyman.  Bushner had been staying at the apartment for a brief period of time at Prettyman's invitation.  On October 30, 2011, Bushner

1

and Prettyman fought and several other individuals, one of whom brought a gun, were notified of the fight and came to the apartment. The witness accounts of what then happened varied, but the end result was that Bushner shot one of the unarmed individuals who came to the apartment and then fled.

{¶ 3} A grand jury indicted Bushner on counts of felonious assault, domestic violence, having weapons while under disability, tampering with evidence, and intimidation of a crime victim or witness. The felonious assault, having weapons while under disability, and tampering with evidence counts also included attendant firearm specifications. The matter proceeded to a jury trial, and the jury found Bushner guilty on all of the counts and specifications. The trial court then sentenced Bushner to 18 years in prison and ordered his sentence to run consecutively with a related case for a total of 18 years, 6 months in prison.

*State v. Bushner*, No. 26532, 2012 WL 6628876, at *1 (Ohio Ct. App. Dec. 19, 2012).

Mr. Bushner raised the following seven assignments of error on appeal:

I.  THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT DENIED BUSHNER'S MOTION TO DISMISS THE COUNT OF HAVING WEAPONS WHILE UNDER DISABILITY CHARGE.

II.  THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY REFUSING TO GIVE PROPER SELF–DEFENSE JURY INSTRUCTIONS UNDER THE CASTLE DOCTRINE, R.C. 2901.09.

III.  THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING BUSHNER TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.41(A).

IV.  BUSHNER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

V.  THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING BUSHNER TO MULTIPLE FIREARM SPECIFICATIONS UNDER R.C. 2941.145, AS THEY WERE PART OF THE SAME ACT OR TRANSACTION.

VI.  BUSHNER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF MULTIPLE FIREARM SPECIFICATIONS UNDER R.C. 2941.145 WERE PART OF THE SAME ACT OR TRANSACTION.

VII.  THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS
DENIED BUSHNER A FAIR TRIAL.

*Id*. at *1–*9.

The Ohio Court of Appeals agreed with Mr. Bushner's first assignment of error regarding

his weapons under a disability count, remanding the issue to the trial court for further proceedings.

However, the court of appeals rejected Mr. Bushner's remaining arguments.  *Id*.

On January 14, 2013, the prosecution filed a motion to dismiss the count for having weapons

while under a disability, including the attached firearm specification.  The trial court granted the

motion and vacated the prison sentence relevant to that charge.

On January 22, 2013, Mr. Bushner filed a timely pro se notice of appeal with the Ohio

Supreme Court raising the following issue:

> The trial court committed reversible and Plain [sic] error by refusing to give proper
> self-defense jury instructions under the Castle Doctrine, R.C. 2901.09 in violation
> of the appellants [sic] constitutional right to due process and a fair trial.

The Supreme Court of Ohio subsequently declined to accept jurisdiction of the appeal on March 27,

2013.

On March 4, 2013, Mr. Bushner filed a pro se application to reopen his appeal raising the

following claims of error by his appellate attorney:

1.  Failure to raise ineffective assistance of trial counsel.

2.  Failure to raise trial court's abuse of discretion in admitting
unauthenticated hearsay evidence.

3.  Failure to raise the issue of manifest weight.

On April 26, 2013, the Ohio Court of Appeals denied the motion to reopen.  Mr. Bushner's

subsequent attempt to file a delayed appeal with the Ohio Supreme Court was unsuccessful as such

3

relief was unavailable under the court's rules.

On February 11, 2014, Mr. Bushner filed a pro se Ohio R. Crim. P. 33(B) motion for leave to file a motion for new trial.  Mr. Bushner argued that he had "newly discovered evidence" establishing his innocence.  The evidence consisted of affidavits from witnesses who were present during the incident in question.  The trial court denied the motion and Mr. Bushner did not seek appellate review of the decision.

Mr. Bushner timely executed his habeas corpus petition on February 13, 2014, raising the following claim for relief:  "Trial court committed reversible and plain error by refusing to give proper self-defense instructions under Ohio's Castle Doctrine, R.C. 2901.09(B), violating Petitioner's right to Due Process and a fair trial."  Mr. Bushner alleged:

> Trial court provided the jury with erroneous instructions regarding Ohio's Castle Doctrine during Petitioner's trial.  The instructions included the false statement that the Petitioner had a duty to retreat from an armed trespasser in his residence.  The altercation between Petitioner and the trespasser resulted in the trespasser being shot and significantly injured by Petitioner.  Petitioner has a right under Ohio statute R.C. 2901.09(B) to defend himself, others and his property in his residence with no duty to retreat, which was not articulated by the trial court.  The erroneous instructions led to Petitioner's wrongful conviction and current incarceration.

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that:  (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).  Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

4

question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).  Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id*.  To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003).  The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir.), *cert. denied*, 134 S. Ct. 693 (2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

### III.  DISCUSSION

Mr. Bushner is not entitled to habeas corpus relief on his state jury instruction claim.  In addressing this issue, the Ohio Court of Appeals stated:

> {¶ 12} In his second assignment of error, Bushner argues that the trial court erred in its self-defense instructions to the jury.  Specifically, he argues that the trial court did not properly instruct the jury on the duty to retreat.  We disagree.
> {¶ 13} Bushner acknowledges that he did not object to the court's jury instructions and that a plain error standard applies.  Generally, a defendant's failure to object to an allegedly erroneous jury instruction limits any review of the alleged

5

error to a review for plain error. *State v. Johnson*, 9th Dist. No. 25525, 2011–Ohio–3941, ¶ 20.  Under Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 14} To establish self-defense in circumstances involving the application of deadly force, a defendant must prove that he:  "(1) * * * was not at fault in creating the situation giving rise to the affray; (2) * * * ha[d] a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) * * * [did] not [ ] violate[ ] any duty to retreat or avoid the danger." *State v. Westfall*, 9th Dist. No. 10CA009825, 2011–Ohio–5011, ¶ 19, quoting *State v. Tucker*, 9th Dist. No. 06CA0035–M, 2006–Ohio–6914, ¶ 4.  Yet, a person has no duty to retreat from his own home.  Tucker at ¶ 4.  *Accord* R.C. 2901 .09(B).  A person also has no duty to retreat from a home in which the person is residing "either temporarily or permanently or is visiting as a guest."  *State v. Walker*, 9th Dist. No. 97648, 2012–Ohio–4274, ¶ 61, quoting R.C. 2901.05(D)(3).

{¶ 15} In certain instances, a presumption of self-defense may arise.  A defendant is entitled to such a presumption if he used deadly force against a person who was "in the process of unlawfully and without privilege to do so entering, or ha[d] unlawfully and without privilege to do so entered, the residence * * * occupied by the [defendant]."  R.C. 2901.05(B)(1).  The presumption of self-defense is a rebuttable one.  R.C. 2901.05(B)(3).  Specifically, the presumption would not apply if the victim had a right to be in the residence or if, at the time he used deadly force, the defendant was not lawfully in the residence.  R.C. 2901.05(B)(2)-(3).

{¶ 16} "The difference between the [c]astle [d]octrine and the rebuttable presumption of self-defense lies in the legal status of the victim." *State v. Lewis*, 8th Dist. No. 97211, 2012–Ohio–3684, ¶ 18, 976 N.E.2d 258.  If the victim had a right to be in a residence at the time the defendant used deadly force, the defendant would not be entitled to the presumption of self-defense. *Id*. at ¶ 19.  Even so, the defendant still would be entitled to a castle doctrine instruction (that he had no duty to retreat from the residence) if he was lawfully occupying the residence at the time he used the deadly force. *Id*.  It would then be the defendant's burden to prove the remaining elements of self-defense by a preponderance of the evidence. *See Westfall*, 2011–Ohio–5011, at ¶ 19, quoting *Tucker*, 2006–Ohio–6914, at ¶ 4.

{¶ 17} The trial court instructed the jury on the presumption of self-defense, the duty to retreat, and the elements of self-defense.  With regard to the presumption of self-defense, the court instructed that Bushner was not entitled to such a presumption if (1) the victim was lawfully present in the residence when Bushner shot him, or (2) if Bushner was not lawfully present in the residence. *See* R.C. 2901.05(B)(2)-(3).  Bushner argues that the court committed plain error in its instructions because it never instructed the jury on the castle doctrine.  Bushner

argues that, by not informing the jury that he had no duty to retreat from the residence he was occupying, the court denied him the opportunity to prove self-defense in the event that the jury found that the victim was lawfully at the residence when Bushner shot him. In support of his argument, Bushner relies upon *State v. Lewis*. This case is distinguishable from *Lewis*, however, because the court here specifically instructed the jury that "[a] person who is lawfully in that person's residence has no duty to retreat before using force in self-defense." *See* R.C. 2901.09(B). *Compare Lewis* at ¶ 17 ("The trial court did not instruct the jury on the [c]astle [d]octrine as codified in R.C. 2901.09."). Thus, the record reflects that the court set forth the castle doctrine for the jury in its instructions. Although the court included the castle doctrine instruction after the instruction on the presumption of self-defense rather than after the instruction on the elements of self-defense, we cannot conclude that the court's ordering of the instructions amounted to plain error. *See generally State v. Geter–Gray*, 9th Dist. No. 25374, 2011–Ohio–1779, ¶ 17–18. Bushner's second assignment of error is overruled.

*Bushner,* 2012 WL 6628876, at *3–*5.

It is undisputed that Mr. Bushner did not contemporaneously object to the trial court's jury instruction. His failure to make such an objection bars the issue from review.

In determining whether a claim is procedurally defaulted for the purpose of federal habeas corpus review, a district court must determine: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner did not comply with that rule; (2) whether the state court enforced the procedural sanction; (3) whether the state procedural rule is an independent and adequate state ground to foreclose review of the federal constitutional claim; and (4) whether the petitioner can establish cause for failing to follow the procedural rule and prejudice by the alleged constitutional error. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A federal court looks "to the last reasoned opinion of the state courts in determining whether the state courts enforced the procedural bar and presume that later courts enforced the bar rather than rejecting the claim on the merits." *White*, 431 F.3d at 524–25; *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003).

7

In the last reasoned opinion by the state courts, the Ohio Court of Appeals held that the jury instruction claim was subject to plain error review.  *Bushner*, 2012 WL 6628876, at *4.  Although the Ohio Court of Appeals reviewed the claim to ensure that there was no plain error, the United States Court of Appeals for the Sixth Circuit has held that the plain error review by a state court does not constitute a waiver of the procedural default rules.  *White*, 531 F.3d at 525; *Cooey v. Coyle*, 289 F.3d 882, 897 (6th Cir. 2002).  The Sixth Circuit has also held that Ohio's contemporaneous objection rule is an independent and adequate ground to foreclose relief absent a showing of cause and prejudice.  *White*, 431 F.3d 524; *Mason*, 320 F.3d at 635.

Mr. Bushner has not shown cause and prejudice that would excuse this procedural default.  *McCleskey v. Zant*, 499 U.S. 467, 493 (1991).  In addition, he has not demonstrated the failure to consider his claims will result in a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Even if Mr. Bushner had not procedurally defaulted on his claim, the issue would not entitle him to habeas corpus relief.  Under the standard of review applicable in habeas corpus petitions, Mr. Bushner has not shown that the jury instruction issue which he raised in the state courts of Ohio was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).  The jury instruction issue was presented and discussed by the Ohio Court of Appeals in the context of Ohio law.  Violations of state law or state procedures are not normally cognizable in habeas corpus proceedings.  *Mijkovic v. Woods*, 517 F. App'x 392, 393 (6th Cir. 2013); *Brown v. McKee*, 460 F. App'x 567, 572 (6th Cir. 2012).

A federal court may grant habeas corpus relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. Here, the state courts of Ohio decided Mr. Bushner's case strictly under the state laws of Ohio. The state courts did not rely on any decision from the Supreme Court. Therefore, under § 2254(d) and *Williams*, Mr. Bushner's petition has not established an unreasonable application of federal law so as to warrant habeas corpus relief.

## IV. CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned recommends that the petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed.

   s/James R. Knepp II             
United States Magistrate Judge

## NOTICE

***ANY OBJECTIONS*** to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time ***WAIVES*** the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).