PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND BUSHNER, | ) | |
| | ) | CASE NO. 5:14CV00385 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHRISTOPHER LAROSE, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 14] |

Petitioner Raymond Bushner, an Ohio prisoner proceeding *pro se*, filed a Petition for a

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging one (1) ground for

relief which challenges the constitutional sufficiency of his conviction for felonious assault with

a firearm specification, domestic violence, having weapons while under a disability with a

firearm specification, tampering with evidence with a firearm specification, and intimidation of a

crime victim or witness in Summit County, Ohio Court of Common Pleas Case No. CR-2011-12-

3301.  The case was referred to Magistrate Judge James R. Knepp II for a Report and

Recommendation.  The magistrate judge subsequently issued a Report (ECF No. 12)

recommending that the petition be dismissed.  ECF No. 12 at PageID #: 317.  Petitioner filed

objections (ECF No. 14) to the magistrate judge's Report.  Based upon the record before it, the

Court overrules the objections, adopts the Report and Recommendation with modification, and

dismisses the petition.

(5:14CV00385)

## I.  Facts

On direct appeal, Ohio's Ninth District Court of Appeals established the factual

background of Petitioner's trial and convictions as follows:

> {¶ 2} Bushner and seven other people were involved in an affray that took place at the apartment of Cory Prettyman. Bushner had been staying at the apartment for a brief period of time at Prettyman's invitation. On October 30, 2011, Bushner and Prettyman fought and several other individuals, one of whom brought a gun, were notified of the fight and came to the apartment.  The witness accounts of what then happened varied, but the end result was that Bushner shot one of the unarmed individuals who came to the apartment and then fled.
>
> {¶ 3} A grand jury indicted Bushner on counts of felonious assault, domestic violence, having weapons while under disability, tampering with evidence, and intimidation of a crime victim or witness. The felonious assault, having weapons while under disability, and tampering with evidence counts also included attendant firearm specifications. The matter proceeded to a jury trial, and the jury found Bushner guilty on all of the counts and specifications. The trial court then sentenced Bushner to 18 years in prison and ordered his sentence to run consecutively with a related case for a total of 18 years, 6 months in prison.

*State v. Bushner*, No. 26532, 2012 WL 6628876, at *1 (Ohio App. 9th Dist. Dec. 19, 2012) (ECF

No. 4-1 at PageID #: 130-31).  In a habeas corpus proceeding instituted by a person in custody

pursuant to the judgment of a state court, factual determinations made by the state courts are

presumed correct.  28 U.S.C. § 2254(e)(1).

The Court adopts the procedural background as outlined by the magistrate judge in his

Report.  ECF No. 12 at PageID #: 309-12.

2

(5:14CV00385)

## II.  Standards of Review

### A.  Standard of Review for Magistrate Judge's Report and Recommendation

Where objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Near verbatim regurgitation of the arguments made in earlier filings are not true objections.  When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections:  to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

3

(5:14CV00385)

**B.  Standard of Review for Habeas Petitions**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal habeas petitions filed after the Act's effective date.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'"  *Woodford v. Garceau*, 538 U.S. 202, 206 (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774–76 (6th Cir. 2008).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774–76.

It is now a well-established rule of law that the AEDPA established the standards that federal courts must apply when considering petitions for a writ of habeas corpus.  *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) ("Federal habeas review of the state court's decision is

4

(5:14CV00385)

governed by the standards established by the AEDPA.").  In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court dictated the standard of review that a federal habeas court must apply under § 2254(d).  *Harris*, 212 F.3d at 942.  The Supreme Court held that:

> A decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[ ]
>
> A state court's adjudication only results in an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Otte v. Houk*, 654 F.3d 594, 599-600 (6th Cir. 2011) (quoting *Williams*, 529 U.S. at 412-13) (internal citations omitted).

### III.  Law & Analysis

Petitioner raises the following ground for relief:

> TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY REFUSING TO GIVE PROPER SELF-DEFENSE INSTRUCTIONS UNDER OHIO'S CASTLE DOCTRINE, R.C. 2901.09(B), VIOLATING PETITIONER'S RIGHT TO DUE PROCESS AND A FAIR TRIAL.

ECF No. 1 at PageID #: 5.

The magistrate judge recommends that the Court dismiss the petition on two grounds. First, the magistrate judge recommends that the petition should be dismissed because of procedural default.  The magistrate judge found that: (1) Petitioner procedurally defaulted on his claim by not contemporaneously objecting to the state trial court's jury instruction (ECF No. 12

5

(5:14CV00385)

at PageID #: 315-16); (2) pursuant to, *White v. Mitchell*, 431 F.3d 517 (6th Cir. 2005), Petitioner

"has not shown cause and prejudice that would excuse th[e] procedural default" (ECF No. 12 at

PageID #: 316); and (3) pursuant to *Coleman v. Thompson*, 501 U.S. 722 (1991), Petitioner "has

not demonstrated the failure to consider his claims will result in a fundamental miscarriage of

justice" (ECF No. 12 at PageID #: 316).  The magistrate judge also recommends that, even if

Petitioner had not procedurally defaulted on his claim, the Petition should be dismissed because

Petitioner's claim does not meet the threshold requirements of 28 U.S.C. § 2254(d).  ECF No. 12

at PageID #: 316.  Petitioner raises four (4) objections to the magistrate judge's

recommendations.

**A.  Objection Number One**

　　In his first objection, Petitioner avers that the magistrate judge "incorrectly ruled that

Petitioner's counsel did not object to the jury instructions at the trial proceedings."  ECF No. 14

at PageID #: 320.  Petitioner asserts that the magistrate judge "parroted the findings of the State

Appellate Court [] which were  erroneous with regard to this issue."  *Id.* at PageID #: 321.

Petitioner also contends that the magistrate judge "ignored the facts from the record as presented

by the Petitioner" when the magistrate judge  "wrongly stated, 'It is undisputed that [Petitioner]

did not contemporaneously object to the trial court's jury instruction.  His failure to make such an

objection bars the issue from review.'"  *Id.  See also* ECF No. 12 at PageID #: 315.

　　In support of his first objection, Petitioner provides the Court with a verbatim

regurgitation of the arguments made in his Traverse (ECF No. 10).  *Compare* ECF No. 10 at

PageID #: 286-89 (Petitioner's argument in Traverse), *with* ECF No. 14 at PageID #: 321-23

6

(5:14CV00385)

(Petitioner's argument in Objection).  *See also* ECF No. 10 at PageID #: 321 (referring to the inclusion of arguments made in Petitioner's Traverse and apologizing "for any redundancy suffered by the Court").  The Court finds that, in his first objection, Petitioner merely states disagreement with the magistrate judge's recommendation and restates the arguments made in his Traverse.  This is not a true objection.  Accordingly, Petitioner has not properly objected to the magistrate judge's Report and his first objection is overruled.

Assuming *arguendo*, however, that Petitioner's first objection is properly before the Court, the objection is overruled for the reasons discussed below.

**(1) State Court's Finding of No Contemporaneous Objection at Trial**

The magistrate judge found that it is "*undisputed* that [Petitioner] did not contemporaneously object to the trial court's jury instruction." ECF No. 12 at PageID #: 315 (emphasis added).  For that reason, the magistrate judge recommends that Petitioner's "failure to make such an objection bars the [erroneous jury instruction] issue from review." *Id.*

On collateral review before the Court, Petitioner, proceeding *pro se,* objects to the magistrate judge's finding and raises anew the argument that his trial counsel "argued for the *proper* jury instruction and objected to its possible exclusion, omission, or alteration" by "outlining the facts contained in the record warranting the proper instruction" when "[t]he issue of self defense instructions was being discussed." ECF No. 14 at Page ID #: 321-24; ECF No. 10 at PageID #: 286-89.  For this argument to succeed, Petitioner must overcome the rebuttable presumption that the state court's factual finding —that Petitioner did not contemporaneously object to the trial court's jury instruction—is correct.  Petitioner must overcome this rebuttable

7

(5:14CV00385)

presumption by clear and convincing evidence that counsel for Petitioner did, in fact, object to the alleged erroneous jury instruction.  28 U.S.C. §2254(e)(1); *Moore*, 708 F.3d at 775.

The sole strength of  Petitioner's first objection is the magistrate judge's characterization of whether Petitioner contemporaneously objected to the jury instruction as "*undisputed*."  *See* ECF No. 12 at PageID #: 315 (emphasis added).  Clearly, Petitioner disputes whether an objection was made.  *See* ECF No. 14 at PageID #: 321 (wherein Petitioner makes repeat reference to the "erroneous finding" of the state appellate court); *Id.* at PageID #: 323 ("Trial counsel *did* properly object . . .").  While the magistrate judge's use of *undisputed* is akin to a scrivener's error, the evidence in the record is indeed undisputed. [1]

The Ohio Ninth District Court of Appeals found: "{¶ 13} Bushner acknowledges that he did not object to the [trial] court's jury instructions . . ." .  *State v. Bushner*, 2012 WL 6628876, at *4 (ECF No. 4-1 at PageID #: 135).  Because the court found that Petitioner did not object to the trial court's jury instruction, the Ohio Ninth District Court of Appeals limited "any review of the alleged [jury instruction] error to a review for plain error." *Id.*  The transcript from Petitioner's state court trial reveals that the trial court instructed the jury on Ohio's Castle Doctrine, Ohio Rev. Code § 2901.09(B), and counsel for Petitioner did not contemporaneously object.

---

[1]  To the extent such scrivener's error exists, the Report and Recommendation is modified.  ECF No. 12 at PageID #: 315.

(5:14CV00385)

| | | |
|---|---|---|
| [TRIAL] COURT: | | A person who is lawfully in that person's residence has no duty to retreat before using force in self-defense.[2] |
| | . . . | |
| [TRIAL] COURT: | | And at this point, then counsel, for the record here, are there any objections, corrections, or additions?  If there are, you come up to side bar and we'll deal with it. |
| [STATE:] | | Not from the State, Your Honor.  Thank you. |
| [DEFENSE:] | | Not from the defense, Your Honor.  Thank you. |

ECF No. 4-1 at PageID #: 262, 268.  Moreover, Petitioner —acting with the representation of appellate counsel—did not raise the disputed objection on direct review before Ohio's Ninth District Court of Appeals.  In Petitioner's recitation of the facts on direct review, Petitioner does not argue that he objected to the trial court's jury instruction.  *Id.* at PageID #: 72-75.  In his arguments on direct review in support of Assignment of Error Number Two, Petitioner did not state that he objected to the trial court's jury instruction.  *Id.* at PageID #: 81-87.  Moreover, the Court finds it informative that, with representation by appellate counsel, Petitioner raised several ineffective assistance of counsel claims none of which concern the disputed objection.  *See Id.* at PageID #:  68.

---

[2] *Compare* Ohio Rev. Code § 2901.09(B):

> For purposes of any section of the Revised Code that sets forth a criminal offense, a person who lawfully is in that person's residence has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence[.]

9

(5:14CV00385)

Based on the Court's *de novo* review of the record, the Court finds that Petitioner has not

shown clear and convincing evidence that counsel for Petitioner objected to the alleged erroneous

jury instruction.[3]  Accordingly, the Court finds that Petitioner has not overcome the presumption

that Ohio's Ninth District Court of Appeals was correct in its factual finding that Petitioner did

not contemporaneously object to the jury instruction during his state trial proceedings.

**(2) Cause and Prejudice to Excuse Procedural Default**

The magistrate judge found that: (1) Ohio's contemporaneous objection rule is applicable

to Petitioner's claim; (2) Petitioner did not comply with that rule; and (3) pursuant to *White*, 431

F.3d at 525, "Ohio's contemporaneous objection rule is an independent and adequate ground to

foreclose relief absent a showing of cause and prejudice." ECF No. 12 at PageID #: 313, 315-16.

The magistrate judge also found that Petitioner had not shown cause and prejudice to excuse his

procedural default. *Id.*  Petitioner appears to object to the magistrate judge's finding that he did

not show cause and prejudice.

> In procedural default cases, the cause standard requires the petitioner
> to show that some objective factor external to the defense impeded
> counsel's efforts to raise the claim in state court.[] Objective factors
> that constitute cause include interference by officials[] that makes
> compliance with the [s]tate's procedural rule impracticable, and
> showing that the factual or legal basis for a claim was not reasonably
> available to counsel.[] In addition, constitutionally ineffective
> assistance of counsel ... is cause.[] Attorney error short of ineffective
> assistance of counsel, however, does not constitute cause and will not
> excuse a procedural default.[] Once the petitioner has established

---

[3]  Petitioner may believe that defense counsel objected during a colloquy that
occurred during the charge conference or some other discussion before the trial judge.
Nevertheless, the record is clear that before the jury departed to deliberate, the trial judge
inquired and Defense counsel raised no objection to the final jury instruction.

10

(5:14CV00385)

> cause, he must show actual prejudice resulting from the errors of
> which he complains.

*McCleskey*, 499 U.S. at 493-94 (internal citations and quotations omitted). The Sixth Circuit has

incorporated the "cause and prejudice" standard into the four-step analysis that the Court must

undergo to determine whether a habeas claim is precluded by a petitioner's failure to observe a

state procedural rule. See *White*, 431 F.3d at 524 (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th

Cir. 1986)).

Petitioner argues anew on collateral review that, even if the Court finds the jury

instruction objection was not contemporaneously raised, Petitioner's procedural default should be

excused because:

> Petitioner attempted to exhaust issues of ineffective assistance of
> appellate counsel [but] the failure of the Clerk to provide proper
> notice [of the Court's decision] to Petitioner . . . prevented Petitioner
> . . . from meeting the deadline for timely filing [of the Notice of
> Appeal and the Memorandum in Support of Jurisdiction, which
> resulted in the denial of the filing of his appeal, and] is cause to
> excuse the procedural default.

ECF No. 14 at PageID #: 322-23; ECF No. 10 at PageID #: 288-89. Petitioner also argues that

his unexhausted claim of ineffective assistance of trial counsel would have been cause to excuse

the procedural default. In his Traverse, Petitioner states:

> If Petitioner's trial counsel had failed to object and preserve the issue
> for appeal, as Respondent claims, this is would surely fall under
> ineffective assistance of counsel. [But,] Petitioner believing that his
> trial counsel filed the proper objection, discovered the possibility of
> counsel's error in the decision in his direct appeal[.]

ECF No. 10 at PageID #: 289.

11

(5:14CV00385)

The Court finds Petitioner's arguments unavailing.  First, Petitioner's arguments regarding ineffective assistance of appellate counsel contradict his assertion that his appellate counsel "[put forth] sound legal argument."  ECF No. 14 at PageID #: 326; ECF No. 10 at PageID #: 289.  Petitioner cannot, on the one hand, argue ineffective assistance of trial counsel for not contemporaneously raising the jury instruction objection and, on the other hand, argue that appellate counsel effectively argued his appeal absent that ground for relief.  The Ohio Ninth District Court of Appeals addressed each assignment of error raised in Petitioner's state court appeal in accordance with the "sound legal argument" put forth by Petitioner's appellate counsel. *State v. Bushner*, No. 26532, 2012 WL 6628876, at *1-*9  (ECF No. 4-1 at PageID #: 130-44). The Court noted earlier that Petitioner, acting with the representation of appellate counsel, raised ineffective assistance of trial counsel claims in his state court appeal on direct review.  Petitioner did not, however, seek relief on the ineffective assistance of trial counsel ground now alleged in his Petition as cause to excuse procedural default.  *See* Amended Brief of Appellant in Case No. 26532, ECF No. 4-1 at PageID #: 68 (Assignment of Error Four and Six).

Moreover, Petitioner's argument has nothing to do with the procedural rule at issue in his state court trial— Ohio's contemporaneous objection rule.  Petitioner does not argue that some objective factor external to the defense impeded counsel's efforts to object to the jury instructions in state court (*e.g.*, there was no interference by officials that made compliance with Ohio's contemporaneous objection rule impracticable, no showing that the factual or legal basis for Petitioner's objection to the alleged erroneous jury instruction claim was not reasonably available to counsel).  *See McCleskey*, 499 U.S. at 493-94.

(5:14CV00385)

Accordingly, the Court finds that Petitioner's ineffective assistance of counsel arguments do not support a finding of cause to excuse Petitioner's procedural default.  *Contra Maples v. Thomas*, 565 U.S. 266, 290 (2012) (finding cause to excuse petitioner's procedural default where, "through no fault of his own, [petitioner] lacked the assistance of any authorized attorney during the [time period] allowed for noticing an appeal from a trial court's denial of post[-]conviction relief" ); *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) ("Where a *pro se* prisoner attempts to deliver his petition for mailing in sufficient time for it to arrive timely in the normal course of events. . . the [prison mailbox rule] is sufficient to excuse a procedural default based upon a late filing.").  Because Petitioner has failed to show cause, the Court need not consider any argument for a showing of prejudice to excuse procedural default.

### (3) Appellate Counsel's Arguments on Direct Review

Petitioner also objects to the magistrate judge's finding that Petitioner did not contemporaneously object to the alleged erroneous jury instructions on grounds that Respondent concedes that counsel for Petitioner raised a "proper objection." ECF No. 14 at PageID #: 322; ECF No. 10 at Page ID#: 287 ("The State recognized [Petitioner's] argument as that of reversible error related to a proper objection.").

In his state appeal on direct review, Petitioner raised the following challenge to his conviction and sentence:

> ASSIGNMENT OF ERROR TWO: THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY REFUSING TO GIVE PROPER SELF-DEFENSE JURY INSTRUCTIONS UNDER THE CASTLE DOCTRINE R.C. 2901.09.

13

(5:14CV00385)

*See* Amended Brief of Appellant in Case No. 26532, ECF No. 4-1 at PageID #: 68, 80-87.  *See also* *State v. Bushner*, 2012 WL 6628876, at *3-*5 (ECF No. 4-1 at Page ID #: 135-38).

Respondent was merely describing to the Court the nature of Petitioner's stated ground for relief when it stated:

> A review of his appellate brief reveals that in his Second Assignment of Error, [Petitioner] argued a state law ground that the trial court committed reversible and plain error by failing to comply with O.R.C. §29091.09 and give the proper self-defense jury instruction for Ohio's statutory "Castle Doctrine" pursuant to *State v. Lewis*, 2012-Ohio-3684.

*See* Respondent's Return of Writ, ECF No. 4 at PageID #: 28.  Moreover, Petitioner's argument is not supported by the record.  The record is clear that the plain error standard of review for Assignment of Error Number Two was applied because counsel advanced the plain error standard of review (Amended Brief of Appellant in Case No. 26532, ECF No. 4-1 at PageID #: 81), and because Ohio's Ninth District Court of Appeals found that, under Ohio law, "failure to object to an allegedly erroneous jury instruction limits any review to the alleged error to a review for plain error."  *State v. Bushner*, 2012 WL 6628876, at *4 (ECF No. 4-1 at Page ID #: 135-38).  Accordingly, and for the additional reasons discussed above, Petitioner's first objection is overruled.

**B.  Objection Number Two**

Petitioner objects to the magistrate judge recommending that the Petition be dismissed on grounds that Petitioner's claims that "improper jury instructions prevent[ed] him from receiving a fair trial" was not a cognizable "constitutional issue [under 28 U.S.C.] § 2254(d)."  ECF No. 14

14

(5:14CV00385)

at PageID #: 324.  As grounds for this second objection, Petitioner states, among other things,

that the magistrate judge's recommendation was incorrect because:

> There can be no doubt that the improper jury instructions rise to the
> level of substantive, prejudicial constitutional error.  The Petitioner's
> assertion rested on extensive supporting case law or [t]he Supreme
> Court of the United States and [t]he Supreme Court of Ohio or cases
> that interpreted the same.

Id. at PageID #: 324-25.

The Court's de novo review of the record sheds an unfavorable light on Petitioner's

assertion.  In his state court appeal on direct review, Petitioner raised the following challenge to

his conviction and sentence:

> ASSIGNMENT OF ERROR TWO: THE TRIAL COURT
> COMMITTED REVERSIBLE AND PLAIN ERROR BY
> REFUSING TO GIVE PROPER SELF-DEFENSE JURY
> INSTRUCTIONS UNDER THE CASTLE DOCTRINE R.C.
> 2901.09.

See Amended Brief of Appellant in Case No. 26532, ECF No. 4-1 at PageID #: 68, 80-87.  See

also State v. Bushner, 2012 WL 6628876, at *3-*5 (ECF No. 4-1 at Page ID #: 135-38).  On

federal collateral review, Petitioner raises the following ground for relief:

> TRIAL COURT COMMITTED REVERSIBLE AND PLAIN
> ERROR BY REFUSING TO GIVE PROPER SELF-DEFENSE
> INSTRUCTIONS UNDER OHIO'S CASTLE DOCTRINE, R.C.
> 2901.09(B), *VIOLATING PETITIONER'S RIGHT TO DUE
> PROCESS AND A FAIR TRIAL.*

ECF No. 1 at PageID: #5 (emphasis added).  To be certain, Petitioner added the text

"VIOLATING PETITIONER'S RIGHT TO DUE PROCESS AND A FAIR TRIAL" in his

Petition for a Writ of Habeas Corpus.  A comparison of the text of these two statements is

15

(5:14CV00385)

enough, on its own, to raise the Court's suspicion as to the true nature of Petitioner's sole ground

for relief.

> The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts.[] A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.[] This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.[] General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (internal citations omitted).

The record is replete with evidence that Petitioner's state court appeal as to Assignment

of Error Number Two has not met the standard dictated by the Sixth Circuit in *McMeans*.

Petitioner cites, for example, *State v. Williford*, 551 N.E.2d 1279, 1283 (Ohio 1990) (holding that

"where the trial court fails to give a complete or correct jury instruction on the elements of the

offense charged and the defenses thereto which are raised by the evidence, the error is preserved

for appeal when the defendant objects in accordance with the second paragraph of Crim. R.

30(A)").  Petitioner argues that *Williford* "employ[s] constitutional analysis in like fact

situations."  ECF No. 14 at PageID #: 326.  Petitioner also argues that *Williford* cites *Carter v.

Kentucky*, 450 U.S. 288 (1981), for the proposition that "a trial judge is constitutionally obligated

to [provide a proper] instruction 'upon proper request' by the defendant."  ECF No. 14 at PageID

#: 327 (citing *Williford*, 551 N.E.2d at 1283 n.1).  But, in *Williford*, the court was concerned with

16

(5:14CV00385)

making a factual distinction between the holding in *Williford* and the court's reliance on *Carter* in another case in which jury instructions had been proffered—as opposed to the facts in *Williford* where jury instructions were not proffered.  Moreover, this factual distinction appeared in a footnote.  *See Williford*, 551 N.E.2d at 1283 n.1.  Therefore, *Williford* did not rely on *Carter* to employ constitutional analysis but, instead, to make a factual distinction in a footnote.

Petitioner also argues that *Williford* relied on *Lockett v. Ohio,* 438 U.S. 586 (1978).  Here, again, Petitioner is misinformed.  *Lockett* appears in the text of *Williford* as part of a citation sentence to denote that the Supreme Court of Ohio proceeding in *State v. Locket,* 358 N.E. 2d 1062 (Ohio 1976) was "reversed on other grounds" by the United States Supreme Court in *Lockett v. Ohio,* 438 U.S. 586 (1978).  *Lockett* was not cited for any constitutional analysis or proposition.  The Court finds unavailing Petitioner's effort to object to the magistrate judge's recommendation by piecing together a list of every possible, alleged connection—however remote or non-existent—between his state court appeal and federal law or constitutional grounds. The connections simply do not exist.

For this reason, the magistrate judge correctly found that Petitioner does not meet the requirements of 28 U.S.C. 2254(d).  When it adjudicated Assignment of Error Number Two, the state court did not arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law nor did the state court decide Petitioner's case differently than the United States Supreme Court has on a set of materially indistinguishable facts.  *See Engle v. Isaac,* 456 U.S. 107 (1982) (alleged errors in jury instructions are generally considered matters of state law).  Moreover, Petitioner does not argue that the state court identified the correct

17

(5:14CV00385)

governing legal principle from a United States Supreme Court decision but unreasonably applied

that principle to the facts of the prisoner's case. The Ohio courts decided Petitioner's case under

the state laws of Ohio.

If a district court finds the AEDPA standard of review dispositive of a petitioner's claims,

the claim is not cognizable and the petitioner's claims may be dismissed. *See Fry v. Pliler*, 551

U.S. 112, 119 (2007) ("the [] AEDPA,[] sets forth a precondition to the grant of habeas relief ");

*Horn v. Banks*, 536 U.S. 266, 272 (2002) (explaining that "it is of course a necessary prerequisite

to federal habeas relief that a prisoner satisfy the AEDPA standard of review set forth in 28

U.S.C. § 2254(d)"). Accordingly, the magistrate judge correctly found that the Petition has not

established a cognizable claim pursuant to 28 U.S.C. 2254(d) and petitioner's fourth objection is

overruled.

## C. Objection Number Three

Petitioner objects to the magistrate judge's "finding that Petitioner's issues were not put

forth as constitutional issues in state court proceedings." ECF No. 14 at PageID #: 325. In

support of his objection, Petitioner provides the Court with a verbatim regurgitation of the

arguments made in his Traverse (ECF No. 10). *Compare* ECF No. 10 at PageID #: 288-92

(Petitioner's argument in Traverse), *with* ECF No. 14 at PageID #: 321-23 (Petitioner's argument

in Objection). *See also* ECF No. 10 at PageID #: 325-27 (referring to verbatim arguments

previously made in Petitioner's Traverse and stating "Petitioner put forth his argument as

follows"). Again, Petitioner merely states disagreement with the magistrate judge's

recommendation and restates the arguments made in his Traverse. This is not a true objection. In

18

(5:14CV00385)

addition, Petitioner's third objection is a mere restatement of his second objection.  Accordingly,

Petitioner's third objection is overruled.

**D.  Objection Number Four**

Lastly, Petitioner objects to the magistrate judge's "failure to recognize that Petitioner has

suffered a manifest injustice by the deprivation of a fair trial." ECF No. 14 at PageID #: 327.  As

grounds for his objection, Petitioner states that the trial court gave improper jury instructions

because: (1) "[t]he jury instructions stated that Petitioner had a duty to retreat in his own

residence from a gun-wielding assailant and his accomplice prior to acting in defense of self and

others"; and (2) "[t]he trial court []failed to instruct the jury that it was to take into consideration

the conduct of the assailants as it related to Petitioner's using force in self defense and the

defense of others and his dwelling." *Id.* at PageID #: 328-29.  Petitioner alleges that he "suffered

a manifest injustice as a result of the trial court's egregiously improper instructions, those of both

omission and commission." *Id.* at PageID #: 330.

Although the magistrate judge found that Petitioner "has not demonstrated the failure to

consider his claims will result in fundamental miscarriage of justice" (ECF No. 12 at PageID #:

316), Petitioner appears to argue manifest injustice on state law grounds.  *See* ECF No. 14 at

PageID #: 328.  However, because Petitioner used the phrasing "manifest miscarriage of justice"

(ECF No. 10 at PageID #: 288) and "manifest of justice" (*Id.* at PageID #: 293) in his Traverse,

the Court will construe Petitioner's fourth objection as an objection to the magistrate judge's

finding that no "fundamental miscarriage of justice" will result from the Court's failure to

consider Petitioner's claim.

19

(5:14CV00385)

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *Maples*, 340 F.3d at 438.  "The fundamental miscarriage of justice test is met only in the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004) (citing *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)) (internal quotations omitted).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Moreover, alleged errors in jury instructions are generally considered matters of state law and are not cognizable in federal habeas review. *Sutton v. Lazaroff*, No. 3:13 CV 2304, 2015 WL 5178022, at *16 (N.D. Ohio Sept. 4, 2015) (Katz, J.) (citing cases including *Engle v. Isaac*, 456 U.S. 107 (1982) (holding that since respondents simply challenged the correctness of jury instructions under Ohio law, they alleged no deprivation of federal rights and may not obtain habeas relief)).  However, the Sixth Circuit has held that an asserted error relating to state jury instructions may be cognizable upon federal habeas corpus review only when the error resulted in a fundamental miscarriage of justice. *Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990). *See also Marshall v. Tyszkiewicz*, 221 F.3d 1335, 1335 (6th Cir. 2000) (finding that review of

20

(5:14CV00385)

petitioner's claim was "not warranted under the [] fundamental miscarriage of justice [exception], because [petitioner did] not assert actual innocence, nor [did] he support his allegation of constitutional error with new reliable evidence that he is actually innocent").

In his Traverse, Petitioner asserts that he is "innocent of the crimes for which he was convicted" (ECF No. 10 at PageID #: 282, 290, 302) but Petitioner does not support his assertion with new reliable evidence that he is actually innocent.  Notably, Petitioner does not assert actual innocence in his fourth objection.  Therefore, the Court finds that the magistrate judge correctly found that Petitioner has not demonstrated that the failure to consider his claims will result in fundamental miscarriage of justice.  Accordingly, Petitioner's fourth objection is overruled.

### IV. Conclusion

Petitioner's objections (ECF No. 14) are overruled and the Report and Recommendation (ECF No. 12) of the magistrate judge is hereby adopted with the modification noted herein.  Raymond Bushner's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 March 31, 2017                            /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge